By the Court, Moncrief, J.
The sole question argued upon this appeal and embraced by the exceptions taken at the trial is, whether by the terms of the agreement between the parties, the defendants were authorized to use, convert and dispose of the stock. The agreement, (or so called stock note,) uses the phrase that the shares are deposited “as collateral security,” “with authority to sell the same at the brokers’ board, or at public or private salé, or otherwise at their option, on the non-performance of this promise and without notice.” This language, unqualified, the appellants concede would give the pledgees no authority to convert or dispose of the shares of stock until after, a failure to perform on the part of the pledgor. The loan was payable at one day’s notice. It is contended that the concluding words of the agreement, “P. &F. Jaudon not being obliged to return the identical certificate,” change the nature of the whole contract. The transaction appears to have been plain and by no means unusual. A loan was asked for and made, and as security for its repayment one hjlndred and fifty shares of the stock of the Erie Railroad Company is deposited with the defendants. They may sell the stock without notice; but may not dispose of it until failure to repay the loan, and that the defendants *266 can not enforce until after giving to the plaintiff one day’s notice. The fact that the stock delivered as collateral security was not to be disposed of until after such notice of recall of the loan, makes clear, if it was not otherwise, the concluding clause of the agreement. The defendants would probably not be guilty of a conversion of the stock by a mere inability to return the identical certificate, by reason of their- having exercised the privilege given to them, by way of abundant caution, or as a supposed greater security, if they handed to the company that certificate, and receiving another certificate for the same number of shares of the stock, or in any other way were deprived of such certificate. The agreement was not to return a particular paper called a certificate of stock, but either the paper evidence that the plaintiff had standing in his name the one hundred and fifty shares of stock, or some other indicia of title to the only thing pledged, to wit: A certain number of shares of the stock of the Erie Railroad Company; not any particular shares, but such number of shares of the stock •of that company. The error of the learned counsel for the appellants, in his argument, is that the plaintiff pledged some specific shares of stock because of the certificate he possessed and delivered to the defendants at the time of making the loan, when in point of fact the plaintiff never owned any par- ' ticular shares of the stock, whether he continued to hold that certificate, or in the course of his business had it exchanged and others substituted a hundred times. He owned one hundred and fifty shares- of the stock of the Erie. Railroad Company, being a certain proportion of its capital stock, and this 1 irrespective of the possession of certificate or other paper indicative of his title. This stock he pledged to the defendants, and they were bound to return that quantity of stock upon hi's repaying the loan and interest.
Upon the undisputed evidence in the cause the plaintiff was clearly entitled to a verdict, and it would have been error for the learned judge below to have submitted the case to the . jury-
*267 The charge that the plaintiff was entitled to a verdict was correct, and the exceptions taken untenable.
The judgment must be affirmed.
Robertson, J. concurred in the conclusion.
Judgment affirmed.